IN The
Judicial District Court of
Appeals
Austin, Texas

ON RELATOR'S PROSE
PETITION FOR WRIT OF MANDAMUS
FROM THE 265th District Court

Trial Court Cause No F10-73110-R

Ryan Wallace
[Relator Pro se]

VS

JENNIFER BENNETT
Judge 265th District Court
[Respondent]

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

Trial Court Cause No. F10-73110-R

Ryan Wallace
[Relator Prose]
VS.

Jennifer Bennett
265th District Court

In The
Court of Criminal
Appeals
Capitol station
Austin, Texas

## Petition For Writ of Mandamus

To The Honorable Judges:

Comes now, Ryan Wallace, Styled hereinafter as "Relator" Prose in the above entitled and numbered cause, and respectfully Presents this Petition for writ of Mandamus. In support of this Petition, Relator will show this Honorable Court the following:

## Statement of Case

On Feb 2, 2015 the Relator filed a motion For Designated trial records in the 265th District Court

In April of 2015 I sent a letter to the 265th District Court asking if they have ruled on the motion.

To date, Relator has not received any correspondence from Respondent or the trial court regarding his request to set these motion hearing or for the Judge to make rulings, in this action

## Statement of Jurisdiction

Under Title 28 USCA Section 1651(a): "When the writ of mandamus is sought from an appellate court to confine a trial court to a lawful exercise of its prescribed authority, the Court should issue the writ almost as a matter of course."

In accords with Tx Government Code section 22.221(b)(1) [in Pertinent Part]: "Each Court of Appeals (CoA) for a district may issue writ of mandamus against a Judge of a district court in the CoA district" In re Padilla v. McDaniel, Judge, when a Petition for writ of mandamus is filed against the Judge of a district court the Petition should be Presented first to the CoA unless there is a compelling reason not to do so." Id 122 Sw3d 805 (Tx cr App).

Given these edicts, the mandamus relief being sought against the Judge of the 265th District Court, lies within the appellate Jurisdiction of this court - The Third District CoA.

## ~~ISSUE~~ PRESENTED

Relator seeks mandamus relief from this Honorable Court to compel the Honorable Jennifer Bennett, Presiding judge of the 265th District Court to set for hearing or rule on his Pending motion.

### Statement of Facts

1. I have received No information stateing that the motion has been filed in the District Clerk's office.

2. Motion has been Pending over a reasonable amount of time

3. Affidavit has been sent to support of Mandamus

### Argument

Within this argument, Relator avers he is entitled to obtain mandamus relief from this CoA because he has exhausted efforts to perform her ministerial duty to rule upon or set hearing for Pending motion See In re Hearns 137 Sw3d 681 (Tx App - San Antonio)

Due to Respondent's failure to act, Relator can not seek an appeal and therefore has no other adequate remedy at law; except mandamus relief. As ruled in _Hearn_, "after prerequisities are met for seeking mandamus relief to require trial court to rule on pending motions, the COA has jurisdiction to direct the trial court to consider and rule on pending matters" _Id. In re state ex rel. Young, Dist Atty v 6th COA 236 SW3d 207, 210 (Tx cr App)_; _state ex rel. Hill v 5th COA 34 SW3d 924, 927 (Tx cr App._

As is clear from Relator's letters to the trial court and subsequent Motion to compel, he has repeatedly put Respondent on notice that he seeks the 265th court's action. Relator has went through requirements or obligation imposed upon him by the _TCCP article 64.01(a-1)_. In contrast to Relator's efforts, the Respondent has wholly failed to comply with the _TCC Particles_ 64.03 and 64.04 rules and is acting in bad faith by failing to afford Relator the professional and common courtesy of any written response to his correspondence and request for action.

In accordance with the TX Code of Judicial conduct, Canon 3(B) (1 and 9) [in pertinent part]; A judge shall hear and decide all judicial matters assigned to the judge and rule dispose of them promptly, efficiently, and fairley

# UNSWORN DECLARATION

Under both federal Law (28 U.S.C § 1746) and StateLaw (V.T.C.A Civil Practice & Remedies code § 132.001-132.003) offenders incarcerated in Texas May use an unsworn declaration under Penalty of Prejury in Place of a written declaration, verification, certification, oath or affidavit sworn before Notary republic

I Ryan Wallace, 1835438, being Presently incarcerated in John B. Connally Unit, in Karnes County, Texas declare under Penalty for of Presjury that the forgoing is true and correct.

Executed May 22, 2015

Ryan S Wallace
#1835438

## Prayer

Wherefore Premises Considered, Relator Prays that this Honorable Court Grant this "Writ of Mandamus" and order the Respondent to set for hearing or rule on his Pending Motion for ~~____~~ Trial records

The Relator Presents this writ in the interest of justice and for no reason of delay other than justice being administered, and for this court to authorize an action from the 265th District Court and its Judge; In this matter

[Submitted on this the 22nd day of May, 2015]

Respectfully Submitted,

_Ryan B Wallace_
Relator—TDCJ#1835438
Connally Unit
899 FM 632
Kenedy, Ta 78119